1 **WO**

2

3

4

5

6

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

7

8 | United States of America, )

9 |                             Plaintiff, )

10 |                     v.                   )       NO. 06-6076M

11 | Ricardo Arturo Diaz-Rodriguez, )     O R D E R

12 |                              Defendant.    )

13       Having considered the motion of the defendant to allow the

14 Government additional time under the Speedy Trial Act to file an

15 indictment, together with the Government's response to that

16 motion, the Court finds that the ends of justice served by

17 granting the extension outweigh the best interest of the public

18 and the defendant in a speedy trial.  18 U.S.C. § 3161(h)(8)(A).

19       In making this finding, the Court has considered each of the

20 factors specified in 18 U.S.C. § 3161(h)(8)(B).  In addition, the

21 Court has considered the following:

22       1.  Counsel has only recently been appointed for the

23 defendant.

24       2.  The Government's policy, which is well known to the Court

25 through proceedings in previous cases involving numerous

26 defendants, provides a sentencing incentive to encourage early

27 pleas of guilty in cases brought pursuant to 8 U.S.C. § 1326.

28       3.  The savings in time by expediting the proceedings in

1  appropriate cases serves the public interest by reducing the costs

2  of detention, prosecution and defense as well as in bringing such

3  charges to a prompt resolution.

4      4.  The avoidance of grand jury proceedings with the

5  voluntary consent of a defendant, when appropriate, reduces the

6  number of proceedings required to bring a criminal matter to a

7  prompt resolution.

8      5.  An early decision by a defendant to reach a plea

9  agreement with the Government often avoids the need to present the

10 matter to a grand jury.

11     6.  In order to allow the defendant's attorney an opportunity

12 to investigate possible defenses to a charge in a criminal

13 complaint and to adequately counsel the defendant, additional time

14 is often needed for the filing of an indictment or information

15 beyond the thirty (30) day period provided in the Speedy Trial

16 Act.  The Government's standard offer requires the defendant to

17 waive his right to grand jury proceedings and agree to proceed by

18 the filing of an information.  If the defendant does not agree to

19 this procedure within the time allowed by statute, the Government

20 would withdraw the plea offer.

21     7.  Disposition of immigration cases through the pre-

22 indictment plea offer results in an expeditious resolution of the

23 case.  Granting a thirty (30) day continuance allows defense

24 counsel time to assure that the plea offer is in the defendant's

25 best interest.

26     The Court therefore concludes that the ends of justice are

27 best served by granting an extension of time to present the case

28

to the grand jury and in excluding a period of thirty (30) days under the Speedy Trial Act.  In making this determination, the Court has particularly taken into account that the failure to grant the defendant's request "would deny counsel for the defendant. . .the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(8)(B)(iv).

**IT IS ORDERED** granting defendant's Motion to Extend Time to Indict.  (Doc. 8).

**IT IS FURTHER ORDERED** that excludable time shall begin to run on the 31st day after arrest for a period of thirty (30) days in which the Government may present the case to the grand jury.

DATED this 8th day of May, 2006.

_Virginia A. Mathis_
Virginia A. Mathis
United States Magistrate Judge

3